IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANDRA OPERA,             No. C 05-3446 SBA

      Plaintiff,            **ORDER**

 v.            [Docket No. 24]

BANK OF AMERICA, NATIONAL ASSOCIATION,

      Defendant.
_____/

This matter comes before the Court on Defendant Bank of America's Motion for Summary Judgment [Docket No. 24].

**A.**     **Factual Background**

Plaintiff Sandra Opera is the petitioner in a dissolution of marriage action in the Superior Court of Orange County, California. Compl. at ¶ 5. Plaintiff and her estranged husband, Robert E. Opera, both hold accounts with Defendant Bank of America. *Id*. at ¶ 13; *see also* Shihad Decl. at ¶ 2. Plaintiff alleges that the marital assets exceed eighty million dollars and that her husband has only disclosed a small portion of those assets in the divorce proceedings. Compl. at ¶ 6-7.

Rather than subpoena account records for the divorce proceedings, Plaintiff has initiated this action against Bank of America, alleging that it has concealed assets from her. Defendant states that it has supplied Plaintiff with true and correct copies of all available account statements related to the Opera accounts. Shihad Decl. at ¶ 4.

Plaintiff states that on or about March 9, 2005, she met with Mike Shihad at a Bank of America Branch in Costa Mesa, California, and requested to review the Opera portfolio and to withdraw her fifty percent of the community property. Compl. at ¶ 9. Mr. Shihad served as the Client Manager for the accounts held by Plaintiff and Robert Opera. Shihad Decl. at ¶ 2. Mr.

1 Shihad advised Plaintiff that he could not comply with her request, and referred her to Mr. Richard
2 Reabb, the Opera's private banker. *Id*. Plaintiff contends that she made numerous attempts to
3 contact Mr. Reabb including an unsuccessful attempt to meet with him at his office in Newport
4 Beach, California. *Id*. at ¶ 10-11. She renewed her request for an accounting and said that she
5 wished to withdraw her fifty percent of the community property interest. *Id*. at ¶ 11. Mr. Reabb
6 called Plaintiff at her home, but refused to give out any information concerning the Opera accounts
7 or to allow her access to any of the accounts. *Id*. at ¶ 12.

8     Defendant's records indicate that Mr. Opera holds two individual accounts: (1) an Investment
9 Services, Inc. brokerage account, and (2) an Investment Services, Inc. checking account. Shihad
10 Decl. at ¶ 2. Mr. Opera also holds three accounts jointly with Plaintiff: (1) a Premier Interest
11 Checking account, (2) an Investment CD, and (3) an Interest Maximizer account. *Id*. These
12 accounts are held in Defendant's Premier Banking division, for accounts with assets in excess of
13 $100,000. Shihad Depo. at 8-9. Mr. Opera is not named as an account-holder on any other Bank of
14 America accounts. Shihad Decl. at ¶ 4. Plaintiff admitted in her deposition that she does not know
15 whether her husband has any companies with accounts at Bank of America, and if he does, she
16 admitted that she is not named on those accounts. Powell Decl. at ¶ 4. Plaintiff further admitted in
17 her deposition that she could not show that the account statements produced by Bank of America in
18 this matter are inaccurate. Powell Decl. at ¶ 4.

19 **B.    Procedural History**

20     On August 25, 2005, Plaintiff filed a Complaint alleging that Defendant Bank of America
21 has (1) breached their fiduciary duty to customers and investors by failing to act honestly and in
22 good faith, (2) conspired with Plaintiff's husband, Mr. Robert Opera, to deprive her of access and
23 use of her share in the couple's accounts and investments, and (3) exercised unauthorized dominion
24 and control over Plaintiff's assets that amounts to unlawful conversion. Finally, Plaintiff alleges that
25 Defendant owes her an accounting for the funds, assets, and investments it received, managed and
26 controlled.

2

On November 14, 2005, Defendant filed an Answer, denying the allegations and asserting eight affirmative defenses. Defendant now moves for Summary Judgement or, in the alternative, Summary Adjudication. Defendant also requests costs.

## LEGAL STANDARD

### A.     Summary Judgment

The Federal Rules of Civil Procedure provide for summary judgment when " the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In considering a motion for summary judgment, the court must examine all of the evidence in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). If the moving party does not bear the burden of proof at trial, he or she may discharge his burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets the requirements of Rule 56 by showing there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 ( 1986).

## ANALYSIS

### A.     Plaintiff's First Cause of Action: Breach of Fiduciary Duty

"It has long been regarded as 'axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor. A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such." *Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 979 (Cal. Ct. App. 1993) (citations omitted).

Thus, Defendant argues, it owed no fiduciary duty to Plaintiff as a depositor, and her claim for breach of fiduciary duty must fail.

3

1   Plaintiff did not file an opposition to the instant Motion for Summary Judgment, nor has she
2   set forth any evidence disputing Defendant's version of the facts. Plaintiff merely asserts in the
3   Complaint that the bank owes her a fiduciary duty "as a banking and investment business," and that
4   the duty was breached by (1) Defendant's failure to give her an accounting or disclosure of the
5   holdings and value of the Opera portfolio, (2) Defendant's failure to release any portion of the
6   portfolio after acknowledging that she had ownership rights in the various accounts and investments,
7   and (3) Defendant's failure to give her any access to the various accounts and investments.

8   Rule 56 makes clear that Plaintiff must go beyond the pleadings and, by her own affidavits
9   or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P.
10  56(e).[1] It is not the task of the district court to scour the record in search of a genuine issue of triable
11  fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of
12  identifying with reasonable particularity the evidence that precludes summary judgment. *Id.* If the
13  nonmoving party fails to do so, the district court may properly grant summary judgment in favor of
14  the moving party. *See id.; see, e.g., Carmen v. San Francisco Unified School District*, 237 F.3d
15  1026, 1028-29 (9th Cir. 2001) (holding that, even if there is evidence in the court file which creates
16  a genuine issue of material fact, a district court may grant summary judgment if the opposing papers
17  do not include or conveniently refer to that evidence).

18  Plaintiff makes vague allegations regarding Defendant's conduct which fail to create a
19  material issue of fact. She offers no legal authority to counter Defendant's argument that she was
20  not owed a fiduciary duty, nor does she proffer any material evidence whatsoever to support her
21  contention that there was a duty owed and breached.

22  Therefore, Bank of America is entitled to summary judgment on Plaintiff's first cause of
23  action for breach of fiduciary duty.

---

[1] A verified complaint may be treated as an opposing affidavit under Rule 56 if the plaintiff states under penalty of perjury that its contents are true and correct, and if the allegations are based on personal knowledge. *See, e.g., Schroeder v McDonald*, 55 F3d 454, 460 & nn10-11 (9th Cir. 1995). Plaintiff's Complaint nowhere states that is it signed under penalty of perjury, so the Court will not treat it as an opposing affidavit under Rule 56.

4

### B.   Plaintiff's Second Cause of Action: Conspiracy

Under California law,[2] "in order to state a cause of action for civil conspiracy, the complaint must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." *H & M Associates v. City of El Centro*, 109 Cal. App. 3d 399, 413 (Cal. Ct. App. 1980) (citations omitted).

Defendant argues that there is no evidence to support the allegation of a conspiracy between themselves and Plaintiff's estranged husband. Defendant declares (through Shihad) that it has fully disclosed all assets held in the Opera accounts. Shihad Decl. at ¶ 2, 4. Plaintiff supplies no evidence that Mr. Opera did not fully disclose all Bank of America-held assets in their divorce proceedings. Finally, Mrs. Opera testified in her deposition that she cannot show any inaccuracies in the account statements disclosed by Defendant. Powell Decl. ¶ 4. Instead, Plaintiff simply alleges in the Complaint that she was "refused access to her various accounts and investments," and that Defendant and Mr. Opera have acted in concert with the intent to injure her. Compl. at ¶ 20. Plaintiff does not put forward any specific evidence to support these allegations. Therefore, no cause of action exists because none of the requisite elements of conspiracy have been established.

Bank of America is entitled to summary judgment on Plaintiff's second cause of action for conspiracy.

### C.   Plaintiff's Third Cause of Action: Conversion

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 451 (Cal. Ct. App. 1997). Title to funds passes immediately to the bank upon deposit, and the bank may use the funds for its own business purposes. The bank does not thereby act as trustee and cannot be charged with converting

---

[2] Plaintiff identifies no source of law for her conspiracy claim, but since this action is before the Court based on diversity of citizenship, the Court assumes that California law applies.

5

the deposit to its own use. *Smiths' Cash Store v. First Nat. Bank*, 149 Cal. 32, 35 (1906); *Morse v. Crocker Nat'l Bank*, 142 Cal. App. 3d 228, 232 (Cal. Ct. App. 1983); *Lee v. Bank of America*, 218 Cal. App. 3d 914, 919-920 (Cal. Ct. App. 1990).

Defendant submits that Plaintiff cannot establish any cause of action for conversion against Bank of America because their relationship was solely one of a bank and its depositor. Thus, as a matter of law, no conversion claim lies against Bank of America.

Plaintiff merely alleges in her Complaint that Defendant "came to exercise unauthorized dominion and control over plaintiff's assets," compl. at ¶ 24, and that "Defendant's dominion and control over the property has been to the exclusion of the plaintiff." *Id*. at ¶ 25. This is the sum total of her legal and factual argument in support of her claim.

Plaintiff has failed to meet that burden of showing a triable issue of fact with respect to Defendant's alleged conversion of her property. Therefore, Bank of America is entitled to summary judgment on Plaintiff's third cause of action for conversion.

### D.     Plaintiff's Fourth Cause of Action: Accounting

A complaint sufficiently states a cause of action in equity for an accounting by alleging (1) a relationship between the parties or other circumstances that requires an accounting in equity (or, in other words, circumstances showing that legal remedies are inadequate); and (2) that an unknown balance is due that cannot not be ascertained without an accounting, the means of which are within the knowledge of the defendant. *See Whann v. Doell*, 192 Cal. 680, 684 (1923); *Kritzer v. Lancaster*, 96 Cal. App. 2d 1, 7 (Cal. Ct. App. 1950).

However, a defendant can defend against an action for an accounting by showing that it has rendered to the plaintiff accounts showing defendant's receipts and disbursements, and the plaintiff has not challenged the truth of any item or objected to the accounts. *See Guy Coburn, Inc. v. Tiffany P., Inc.*, 37 Cal. App. 2d 410, 414 (Cal. Ct. App. 1940).

Bank of America contends that they have given complete and accurate account statements to

6

Plaintiff. Plaintiff testified at her deposition that "she could not show the account statements produced by Bank of America in this matter are inaccurate." Powell Decl. at ¶ 4. Additionally, Plaintiff could not establish the existence of any corporate accounts her estranged husband may hold at Bank of America, and admitted under oath that she does not know of any such accounts and is not named as an account holder for any corporate account. Powell Decl. at ¶ 4.

Again, Plaintiff did not file an opposition to Defendant's motion for summary judgement, nor has she contradicted the facts shown in Defendant's declarations by setting out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents. Plaintiff simply alleges that Bank of America owes her a fiduciary duty and must account to her pursuant to that duty, and claims that Defendant has not rendered an accounting of the funds, assets, and investments in its care. Compl. at ¶¶ 28-31. Plaintiff makes no attempt to rebut Bank of America's claim that all account statements have been disclosed. Plaintiff therefore fails to create a material issue of fact or law, and Defendant is entitled to summary judgment on Plaintiffs' fourth cause of action for accounting.

**E.     Defendant's Request for Costs**

Monetary sanctions may be imposed on a party pursuant to 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies proceedings, or pursuant to the court's inherent power. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

Defendant asks for "costs incurred herein and such other relief as may be just." Notice of Motion at ¶ 1. However, Defendant fails to cite to any authority, or to allege any basis for its prayer for relief. Therefore, the request for costs is denied.

IT IS HEREBY ORDERED THAT Defendant's Motion for Summary Judgment is GRANTED.

7

1  IT IS SO ORDERED.

3  Dated: 9/14/06

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG

United States District Judge